| | | |
|---|---|---|
| ROBERT DRAYTON BOWEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:26-CV-214-TAV-MJD |
| | ) | |
| WESTON WAMP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a former prisoner at the Hamilton County Jail, filed a pro se civil rights action under 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion [Doc. 4] and **DISMISS** the complaint for failure to state a claim.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under 28 U.S.C. § 1915, the Court may generally "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Although the relevant statute specifically references the "assets such ***prisoner*** possesses," the Sixth Circuit has construed the statute to extend to non-prisoners who apply to proceed *in forma pauperis*. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds as stated in Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999). When assessing

whether to permit an individual to proceed without paying the filing fee, the Court is not concerned with whether the applicant is destitute, but rather, "whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). The Court considers all the resources potentially available to the applicant, including those of a spouse or other family members. *See Ciavarella v. Comm'r of Soc. Sec.*, No. 5:13-CV-2031, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013) (citation omitted).

It appears from the documentation provided that Plaintiff cannot bear the filing fee without undue hardship. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* [Doc. 4].

## II.     SCREENING OF COMPLAINT

### A.     Standard

Because Plaintiff is proceeding *in forma pauperis*, this Court must screen the complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) ("Because Hill's lawsuit seeks redress from governmental officers, and because Hill proceeded *in forma pauperis*, the district court screened Hill's complaint as required by 28 U.S.C. §§ 1915A and 1915(e)(2)(B).").

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B)] because the

relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill*, 630 F.3d at 470–71. Thus, to survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Plaintiff's Allegations

While Plaintiff was housed in the Hamilton County Jail, medical provider Quality Correctional HealthCare ("QCHC") "delayed timing to see the eye doctor," failed to follow the "new eye doctor's orders," and failed to properly supply the medication Plaintiff was prescribed [Doc. 1, p. 4]. Plaintiff's medication "has been placed in other inmates['] hands[] [and] dropped on the floor, and Plaintiff Bowen has been handed other inmates' medication" [*Id.*]. The medication distribution "has been delayed deliberately" [*Id.*].

Aggrieved, Plaintiff filed this lawsuit against Hamilton County Mayor Weston Wamp, County Commissioner Chairpersons Ken Smith and Lee Helton, Sheriff Austin Garrett, and Deputy Chief of Corrections Timothy A. Davis in their official capacities as parties "indirectly responsible" [*Id.* at 2–5]. Also named as defendants are QCHC and Dr. Jane Doe, the "New Medical Supervisor[,]" in both her official and individual capacities

3

[*Id.* at 7].  Alleging "deliberate indifference[,]" Plaintiff seeks both monetary damages and injunctive relief [*Id.* at 4, 6].

### C.    Analysis

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right.  42 U.S.C. § 1983.

Here, Plaintiff alleges that Defendants acted with deliberate indifference to his medical needs.  Prison officials have a duty to "ensure that inmates receive adequate food, clothing, shelter, and medical care" and "take reasonable measures to guarantee the safety of the inmates."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). Although Plaintiff does not disclose his custodial status in his complaint, the Court assumes, to Plaintiff's benefit, that he was a pretrial detainee at all relevant times.[1]  A pretrial detainee states a claim for the denial of constitutionally adequate medical care by showing that (1) he had a sufficiently serious medical need, to which (2) Defendants "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'"  *Helphenstine v. Lewis Cnty.,* 60 F.4th 305, 317 (6th Cir. 2023) (citations omitted).

Plaintiff does not allege any facts that permit the Court to conclude that he saw an eye doctor for a sufficiently serious medical need.  And he does not allege any facts that would permit the plausible inference that any Defendant acted deliberately and recklessly

---

[1]  A pretrial detainee is subject to the less demanding test of the Fourteenth Amendment. *Morgan ex. rel Morgan v. Wayne Cnty.*, 33 F.4th 320, 326 (6th Cir. 2022) (noting the Eighth Amendment standard is "more demanding").

in the face of a risk of harm to him. To be sure, he alleges that his medication was delayed deliberately, and that his needs were met with "deliberate indifference" [Doc. 1, p. 4]. But such conclusory assertions, devoid of any factual support, are insufficient to state a facially plausible claim. *Iqbal*, 556 U.S. at 678. While considering Plaintiff's claims by capacity of suit, the Court expounds below.

### 1. Official-Capacity Claims

Suit against the individual Hamilton County or QCHC Defendants in their respective official capacities is suit against Hamilton County and QCHC. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Plaintiff's claims against both the County and QCHC are assessed with municipal-liability standards. *See Thomas v. Coble*, 55 F. App'x 748, 448–49 (6th Cir. 2003); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817–18 (6th Cir. 1994). But "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, to demonstrate municipal liability, a plaintiff must identify a municipal policy or custom of the entity and show that his particular injury was incurred due to the execution of that policy. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citation and quotation marks omitted). Accordingly, to prevail on a § 1983 claim against QCHC and/or Hamilton County, Plaintiff "must show that a policy or well-settled custom of the company [or County] was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).

5

The allegations of Plaintiff's complaint do not permit the plausible inference that any purportedly unconstitutional (in)action was attributable to a custom or policy of either Hamilton County or QCHC. Accordingly, all official-capacity claims against Defendants will be **DISMISSED**.

### 2. Individual-Capacity Claim

Plaintiff sues only one defendant in her individual-capacity—Dr. Jane Doe, the "New Medical Supervisor" [Doc. ,1 p. 7]. But Plaintiff's complaint cannot proceed against an unknown party. *See Smith v. City of Chattanooga*, No. 1:08-CV-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) ("A civil action cannot be commenced against a fictitious party such as an unknown John Doe." (citing *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968))); *see also Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n. 1 (W.D. Ky. 1984) ("[U]ntil an amendment adding additional defendants has been permitted by the court," allegations against an unknown defendant "are merely 'surplusage[.]'" (citing *Hannah v. Majors*, 35 F.R.D. 179, 180 (W.D. Mo. 1964))).

The Court finds it unnecessary to permit Plaintiff to amend his complaint to name this Defendant, however, because his allegations against her are otherwise insufficient to state a claim upon which § 1983 relief may be granted. To sustain an individual-liability claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff does not allege that Dr. Doe was personally responsible for any delay in seeing an eye doctor or the failure to properly supply Plaintiff his prescribed medication.

6

Further, to the extent Plaintiff seeks to hold Defendant Dr. Doe liable based on her supervisory role, a theory of supervisory liability is not acceptable in a § 1983 case. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Monell*, 436 U.S. at 691 (finding that liability under § 1983 may not be imposed simply because a defendant "employs  a  tortfeasor"). Instead, Defendant Dr. Doe can be held individually liable for her supervisory actions only if Plaintiff can demonstrate "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (internal citation omitted). Plaintiff's complaint fails to allege that Defendant Doe violated "directly participated" in or "encouraged" constitutional violations by the jail or QCHC staff. *Id.*

Therefore, with no factual contentions to support "the reasonable inference that the defendant is liable for the misconduct alleged," Plaintiff fails to state a claim upon which relief may be granted against Defendant Dr. Doe, and she will be **DISMISSED**. *Iqbal*, 556 U.S. at 678.

## III.    CONCLUSION

For the reasons set forth above:

1.    Plaintiff's motion to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2.    Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

3.    Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B); and

4.  The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

AN APPROPRIATE JUDGMENT ORDER WILL ENTER.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

8